CULLEN AND DYKMAN LLP
Attorneys for New York Community Bank
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                       Chapter 11
                                                          Case No. 10-51846 (JF)

Ihab Hussam Tartir,

                                  Debtor.
-----------------------------------------------------------X

**STIPULATED ORDER BY AND BETWEEN IHAB HUSSAM TARTIR
AND NEW YORK COMMUNITY BANK PURSUANT TO 11 U.S.C.
§§ 361, 363, 503 AND 507(b), AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 4001 (A) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL
*NUNC PRO TUNC* (B) PROVIDING ADEQUATE PROTECTION
*NUNC PRO TUNC* AND (C) GRANTING ADDITIONAL RELIEF**

**WHEREAS**, on December 21, 2010 (the "Petition Date"), a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") was filed by Ihab Hussam Tartir (the "Debtor"); and

**WHEREAS**, since the Petition Date, the Debtor has remained in control and possession of his assets as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS**, on May 6, 2004, the Debtor executed and delivered to New York Community Bank ("NYCB") a promissory note in the original principal amount of $375,000 together with interest thereon (the "Nevins Note"); and

**WHEREAS**, on May 6, 2004, the Debtor executed and delivered to NYCB a mortgage securing the indebtedness under the Nevins Note (the "Nevins Mortgage") against the Debtor's

property located at 75 Nevins Street, Brooklyn, New York (the "Nevins Property"), which was recorded in the Register's Office of Kings County on July 3, 2004, bearing City Register File Number 2004000376672; and

**WHEREAS**, on that same date, the Debtor executed and delivered to NYCB an Assignment of Rents and Leases (the "ARL") in connection with the Nevins Property; and

**WHEREAS,** pursuant to the Nevins Mortgage and the ARL, the rents generated from the Nevins Property (the "Rents") were transferred and assigned to NYCB and NYCB was granted a security interest in and to the Rents; and

**WHEREAS**, the Rents constitute "Cash Collateral" pursuant to Section 363(a) of the Bankruptcy Code; and

**WHEREAS**, the Debtor acknowledges that as a result of the Nevins Mortgage and the ARL as well as all other loan documents executed by the Debtor and NYCB in connection with this loan (collectively, the "Nevins Loan Documents"), NYCB has a first priority perfected mortgage against the Nevins Property and a first priority perfected security interest in the Rents generated from the Nevins Property to secure the Debtor's pre-petition indebtedness to NYCB; and

**WHEREAS**, NYCB has a pre-petition claim against the Debtor in the amount of approximately $353,817.02, secured by the Nevins Property (the "Nevins Claim"), and the Debtor acknowledges that the Nevins Claim constitutes an allowed secured claim against his estate[1]; and

---

[1] NYCB also has a claim against St. Clair Realty LLC in the amount of $4,624,072.91 as of the Petition Date, which is also secured by the Nevins Property. That obligation is not dealt with in this Stipulated Order.

**WHEREAS**, the Debtor does not have sufficient assets with which to continue to operate and manage the Nevins Property and requires immediate authority to use the Rents upon the terms set forth herein to avoid immediate and irreparable harm to its estate; and

**WHEREAS**, NYCB has agreed to allow the Debtor's use of the Rents as set forth in the Budget annexed as Exhibit "A" hereto (the "Budget") subject to the grant of the protections contained in this Order and the terms hereof; and

**WHEREAS**, in order to provide NYCB with adequate protection of its security interest in the Nevins Property and the Rents (the "NYCB Collateral"), the parties have agreed that: (i) NYCB would retain its liens and security interests in the NYCB Collateral and the proceeds thereof; (ii) NYCB's liens and security interests would be deemed valid, perfected and enforceable to the same extent such liens were valid, perfected and enforceable on the Petition Date; and (iii) such liens and security interests would continue in full force and effect, and continue to encumber the NYCB Collateral; and

**WHEREAS**, the parties have also agree that NYCB shall have a valid, perfected, binding and enforceable replacement lien in the NYCB Collateral and a superpriority administrative expense claim to the extent of the use of the Rents; and

**WHEREAS**, this Stipulated Order has been entered into by all parties in good faith, is fair and reasonable under the circumstances, and has been negotiated at arms' length and due cause exists for the entry of the Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED PARTIES AND ORDERED BY THE COURT**, that the Debtor be and hereby is authorized to use the Rents upon the following terms and conditions:

1. Subject to the terms and conditions of this Stipulated Order, the Debtor may use the Rents consistent with the Budget until the Maturity Date (as defined below) in accordance with, and subject to, the terms and other provisions of this Stipulated Order. To the extent the Debtor incurs any extraordinary expense that is not included in the Budget, the Debtor may not pay such expense without NYCB's prior written consent, which consent shall not be unreasonably withheld. Within seven (7) days of entry of this Stipulated Order, the Debtor shall turnover to NYCB an itemization (the "Reconciliation") of all Rents received, and all expenses pertaining to the Nevins Property paid from such Rents, from the Petition Date through April 30, 2011 (the "Reconciliation Period"). Any Rents received in excess of the Budget items paid during the Reconciliation Period shall be turned over to NYCB's counsel simultaneously with the Reconciliation, to be held in escrow pending further order of the Court. Thereafter, by the 5th of each month commencing June 5, 2011, the Debtor shall turn over to NYCB an itemization of all Rents received and expenses paid during the prior month (the "Monthly Itemizations"). Any Rents received during the prior month in excess of the amounts to pay the expenses set forth on the Budget for the prior month (the "Excess Rents") shall be turned over to NYCB's counsel by the 5th day of the next month, to be held in escrow pending further order of the Court.

2. Pursuant to Sections 503 and 507 of the Bankruptcy Code, NYCB is hereby granted a superpriority administrative claim (the "Superpriority Administrative Claim"), to the extent of the diminution in value of the NYCB Collateral resulting from the use of the Rents.

3. As adequate protection for the use of Rents by the Debtor and to the extent of such use, pursuant to Sections 361 and 363(e) of the Bankruptcy Code and for purposes of Section 507(b) of the Bankruptcy Code, NYCB is hereby granted (i) a valid and perfected replacement lien and security interest in the NYCB Collateral, and (ii) a valid and perfected

replacement lien and security interest in any NYCB post-petition Collateral (the "Replacement Liens") *nunc pro tunc* to the Petition Date. NYCB's liens in the post-petition property of the estate shall be recognized only to the extent of any diminution in the value of the NYCB Collateral resulting from the use of Rents pursuant to this Stipulated Order.

4. Upon entry of this Stipulated Order, no costs or expenses of administration which have been or may be incurred by the Debtor in this case at any time shall be charged against NYCB, its claims or the NYCB Collateral, pursuant to Sections 105 or 506(c) of the Bankruptcy Code or otherwise, without the prior written consent of NYCB, and no such consent shall be implied from any action, inaction, or acquiescence by NYCB.

5. The Replacement Liens and Superpriority Administrative Claim shall not attach to or be enforceable against any avoidance powers, actions and any proceeds thereof held by the Debtor or any trustee for the Debtor, including those pursuant to the avoidance powers set forth in Sections 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

6. Subject to applicable law (including Section 726 of the Bankruptcy Code), the terms and provisions of this Order with respect to the Replacement Liens and security interests granted herein and the Superpriority Administrative Claim granted herein shall continue for the duration of this Chapter 11 case and for the duration of this case under any other chapter of the Bankruptcy Code to which it may be converted, and such Replacement Liens and security interests shall maintain the priorities established by this Stipulated Order until satisfied and discharged, notwithstanding the appointment of a trustee or examiner in this or any converted case or the dismissal of this or any converted case, and notwithstanding the expiration or termination of this Stipulated Order.

7. Any superpriority claims and lien granted to NYCB shall be subordinate to (a) any statutory fees payable by the Debtor under Section 1930(a)(6) of Title 28 of the United States Code, which fees may be paid from the Excess Rents, and (b) any fees and expenses of a hypothetical chapter 7 trustee in an amount not to exceed $5,000. Notwithstanding the foregoing, nothing contained in this paragraph shall diminish or otherwise affect the security interest or liens of NYCB that existed prior to the entry of this Stipulated Order.

8. In the event any or all of the provisions of this Stipulated Order are hereafter reversed, stayed, modified, amended, or vacated by a subsequent order of the Court or any other court, such reversal, stay, modification, amendment, or vacation shall not affect the validity of any right or obligation arising under this Stipulated Order prior to the effective date of such modification, amendment, or vacation, and such right or obligation shall be governed in all respects by the provisions of this Stipulated Order.

9. Except as expressly provided for in this Stipulated Order, by the Bankruptcy Code or applicable law, nothing contained herein shall

    a. constitute a waiver by NYCB of any rights that may exist under and with respect to the Nevins Loan Documents (the "Agreement Rights"), including, without limitation, (i) the right to exercise with respect thereto all of the rights of a secured party under the Nevins Loan Documents, the Uniform Commercial Code and other applicable law, or (ii) the right to seek additional adequate protection or to challenge any impairment of the Nevins Claim or the NYCB Collateral, and incident thereto to introduce such evidence of its secured claim and collateral value as may be appropriate in the circumstances; or

    b. constitute a waiver of the automatic stay provisions of Section 362 of the Bankruptcy Code as such provisions apply to the Agreement Rights.

10. Until the Maturity Date, the Debtor shall provide NYCB's counsel with an electronic copy of the Debtor's monthly operating report by the 20th day of each month. The monthly operating report shall delineate the sources of payment of the expenses set forth therein.

11. The occurrence of any of the following events after the date of the Stipulated Order, unless waived by NYCB in writing, shall constitute an "Event of Default" hereunder:

    a. reversal, stay, vacature of this Order; or modification of this Order without the prior consent of NYCB, which consent shall not be unreasonably withheld;

    b. appointment of a Chapter 11 Trustee in, or dismissal or conversion of, the Debtor's case to a Chapter 7 case;

    c. vacature of the automatic stay pursuant to the motion filed by NYCB seeking such relief;

    d. the filing of any motion by the Debtor seeking to prime or subordinate any lien or security interest of NYCB to encumber any or all collateral subject to such lien or security interest without the consent of NYCB;

    e. failure to make the payments required under the Budget to NYCB on a timely basis, including any applicable cure period under the Nevins Loan Documents;

    f. failure to comply with terms of the Budget, except each line item may vary within 10% (or such greater variation as may be agreed to by NYCB);

    g. failure to maintain all insurance in connection with the Nevins Property required by the terms of the Nevins Loan Documents;

    h. failure to turn over to NYCB's counsel on a timely basis all Excess Rents to be held in escrow in accordance with the terms of this Stipulated Order;

    i.  failure to timely provide NYCB with the Reconciliation, Monthly Itemizations and Monthly Operating Reports as required by the Stipulated Order; and

    j.  failure to file a plan of reorganization by June 15, 2011 or failure to confirm such plan of reorganization by August 15, 2011, unless otherwise agreed to by NYCB in writing.

  12.  Upon the occurrence of an Event of Default hereunder (other than under paragraph 11(c) hereof, under which the remedy provided herein shall have already been granted), NYCB shall be entitled to, but shall not be required to, file and submit a proposed order vacating the automatic stay pursuant to Section 362 of the Bankruptcy Code on five (5) business days' notice to the Debtor's counsel and the Office of the United States Trustee, together with an affidavit describing the event of default. If any party-in-interest opposes entry of such order, the automatic stay shall continue in effect until the Court's determination of the issue, including, if the Court does not issue an order terminating the automatic stay prior to a hearing, pending a hearing to determine the relief from the automatic stay is appropriate; provided further that the only issues at any such hearing will be the existence of an Event of Default.

  13.  This Stipulated Order and the Rent use arrangement authorized herein shall be effective as of the Petition Date. The Rent use arrangement and this Stipulated Order shall terminate upon written notice of any Event of Default being given by NYCB to the Debtor's counsel, which notice may be provided by email (the "Maturity Date"). As of the Maturity Date, the Debtor shall no longer have the right to use the Rents for any purpose, and shall pay all such Rents to NYCB as and when received by the Debtor.

  14.  Subject to applicable law, the terms of this Stipulated Order shall be binding upon and inure to the benefit of the successors and assigns of each party hereto, including any

trustee appointed with regard to the Debtor under the Bankruptcy Code, whether in a Chapter 7 or in this Chapter 11 case.

15. No waiver by NYCB of any violation of, default under or condition expressed in this Stipulated Order by the Debtor will be construed as, or constitute, a continuing waiver of such provision, or a waiver of any other violation, default or condition provided for herein.

16. This Stipulated Order may be signed by the parties hereto by facsimile and/or electronic counterpart originals with the same force and effect as if fully and simultaneously signed in a single original document.

STIPULATED AND AGREED TO:

Counsel for New York Community Bank         Counsel for Ihab Hussam Tartir

s/ Bonnie Pollack                           s/ Karamvir Dahiya
Bonnie Pollack, Esq.                        Karamvir Dahiya, Esq.
Cullen and Dykman LLP                       Dahiya Law Offices, LLC
100 Quentin Roosevelt Boulevard             350 Broadway, Suite 412
Garden City, New York  11530                New York, New York  10013
Telephone: (516) 357-3700



Dated: Brooklyn, New York                   Jerome Feller
May 23, 2011                                United States Bankruptcy Judge

# EXHIBIT "A"

# BUDGET

Rental Income:            $8,130.00

Expenses:

| | |
|---|---|
| NYCB | $2,610.00[2] |
| Water | $ 300.00 |
| Electric | $ 200.00 |
| Insurance | $ 200.00 |
| Maintenance | $ 300.00 |
| Management Fee | $ 800.00 |

Excess Rents:[3]          $3,720.00

---

[2] Subject to ordinary adjustment in accordance with the Nevins Loan Documents.

[3] These rents shall be turned over to NYCB's counsel to be held in escrow by the 5th day of the succeeding month.