UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:                                                    Chapter 11
                                                          Case No. 10-51846 (JF)

Ihab Hussam Tartir,

                             Debtor.
------------------------------------------------------------X

**STIPULATION AND ORDER MODIFYING TERMS OF
SETTLEMENT AGREEMENT DATED JUNE 28, 2011
APPROVED BY ORDER DATED JULY 29, 2011**

**WHEREAS**, by order dated July 29, 2011, the Court approved a Stipulation and Order (the "Settlement Agreement") settling various claims by and between the above-captioned Debtor, New York Community Bank ("NYCB") and St. Clair Realty, LLC, an affiliate of the Debtor and a debtor in its own case (No. 11-46559-jf) before this Court ("St. Clair"); and

**WHEREAS**, the parties have agreed to a modification of certain of the provisions of the Settlement Agreement as memorialized herein;

NOW, in consideration of the foregoing, it is hereby agreed by and between the undersigned as follows:

    1.      Paragraph 4(b) of the Settlement Agreement shall be deleted in its entirety and replaced with the following:

> "(b) St. Clair shall file a motion for the sale of the Atlantic Avenue Property, subject to higher and better offer, under section 363 of the Bankruptcy Code (the "**St. Clair Sale**") which shall result in a net payment to NYCB upon the St. Clair Note and Mortgage of no less than $3,527,000 (the

"**St. Clair Payoff**"). The Debtor shall obtain Court approval of the St. Clair Sale no later than November 1, 2011 and the closing of the St. Clair sale shall occur no later than 16 days after entry of the Order approving the St. Clair Sale. NYCB shall have the right to credit bid at the St. Clair Sale no less than the amount of $3,527,000."

2. Paragraph 4 (c) of the Settlement Agreement shall be deleted in its entirety and replaced with the following:

"(c) The Debtor shall file a motion by no later than October 3, 2011 to dismiss the Tartir Bankruptcy Case. The Debtor shall obtain Court approval of the dismissal of the Tartir Bankruptcy Case no later than November 1, 2011.

(d) Provided that the St. Clair Sale shall close in accordance with paragraph 4(b) hereof, and provided that the Tartir Bankruptcy Case is dismissed as provided in paragraph 4 (c) hereof, NYCB shall agree to restructure the Nevins Note and Mortgage outside of bankruptcy in accordance with the following terms:

(i) The Debtor's pre-petition arrears in connection with the Nevins Note and Mortgage in the amount of $37,494.83 (the "**Arrears**") shall be paid in full on execution of the Restructured Loan Documents (as defined below). Any Excess Rents (as that term is

defined in the Tartir Cash Collateral Order) held in escrow by counsel to NYCB pursuant to the terms thereof shall be applied to the Arrears.

(ii) The Debtor shall execute a new Note and Mortgage in a form acceptable to NYCB against the Nevins Property (the "**Restructured Loan Documents**") in the amount of (x) the Tartir Indebtedness, plus (y) the difference between the St. Clair Indebtedness and the St. Clair Payoff, less (z) the Arrears. NYCB shall forebear from seeking payment of such amount of the Restructured Loan Documents which shall exceed the sum of $716,322.19 (the "**Forbearance Amount**") as long as there is no default under the Restructured Loan Documents or under this Agreement. The Debtor shall pay the remaining Restructured Loan Documents amount of $716,322.19 together with interest at the rate of 5.25% over a period of five (5) years from the date of execution of the Restructured Loan Documents, based on a 30 year amortization schedule, with a balloon payment at the end of the 5 year term. Once the Restructured Loan Documents are fully complied with and paid in full, and provided that the Debtor does not otherwise default under this Agreement, NYCB shall forgive and waive the

Forbearance Amount.

3. Paragraph 4(d) of the Settlement Agreement shall be deleted in its entirety and replaced with the following:

"(e) The Debtor shall make all payments required, and comply with all obligations, under the Tartir Cash Collateral Agreement and the St. Clair Cash Collateral Agreement until the St. Clair Sale closes and the Tartir Bankruptcy Case is dismissed."

4. Paragraph 9(b) of the Settlement Agreement shall be deleted in its entirety and replaced with the following:

"(b) Failure of the Court to approve the St. Clair Sale by November 1, 2011 and/or failure of the St. Clair Sale to close within 16 days of the entry of the order approving the St. Clair Sale all in accordance with the terms of paragraph 4(b) hereunder."

5. Paragraph 9(c) of the Settlement Agreement shall be deleted in its entirety and replaced with the following:

"(c) Failure of the Court to approve the dismissal of the Tartir Bankruptcy Case by November 1, 2011."

6. Paragraph 9(d) of the Settlement Agreement shall be deleted in its entirety and replaced with the following:

"(d) Failure of the Debtor to execute any documents necessary in connection with the Restructured Loan Documents."

7. The section of paragraph 9 entitled "Remedies Upon Default" shall be deleted in its entirety and replaced with the following:

"*Remedies Upon Default*. In the event of the occurrence of an event of default hereunder, this Agreement shall be terminated and shall become null and void. In addition, NYCB shall file and submit a proposed order vacating the automatic stay to enable it to pursue its rights and remedies with respect to both the Atlantic Avenue Property and the Nevins Property on five (5) business days notice to the Debtor's counsel and the Office of the United States Trustee, together with an affidavit describing the Event(s) of Default. If the Debtor opposes entry of such Order, the automatic stay shall continue in effect until the Courts' determination of the objection, provided however that the only issues to be determined by the Court will be the existence of an event of default."

8. Except as specifically amended hereby, the terms and provisions of the Settlement Agreement shall remain in full force and effect.

Dated: September 22, 2011

**Ihab Hussam Tartir**

**By:  s/ Ihab Hussam Tartir**

**St. Clair Realty LLC**

**By:  s/ Ihab Hussam Tartir**

**New York Community Bank**

**By:  s/ Christopher Beck**

So-Ordered:



**Dated: Brooklyn, New York**
**September 28, 2011**

**Jerome Feller**
**United States Bankruptcy Judge**

6